# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50254 | **DATE** | 12/2/2003 |
| **CASE TITLE** | Hedberg vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached Report and Recommendation, it is the recommendation of the Magistrate Judge that Hedberg's Motion for Fees be granted in part and denied in part. The court recommends Hedberg receive attorney's fees in the amount of $4234.72.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | DEC 0 2 2003 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | 12/1/2003 date mailed notice |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp7 mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| NANCY L. HEDBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 50254 |
| ) | |
| JO ANNE BARNHART, Commissioner ) | Philip G. Reinhard |
| of Social Security ) | P. Michael Mahoney |
| ) | |
| Defendants. ) | |

## Report and Recommendation

Nancy Hedberg ("Hedberg") seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On June 19, 2003, this court recommended that the district court remand for further consideration Hedberg's application for Disability Insurance Benefits ("DIB"). On July 14, 2003, the district court adopted this court's recommendation and entered judgment for Hedberg. Hedberg claims she is entitled to fees under the EAJA because the Commissioner's position in defending the decision of the Administrative Law Judge ("ALJ") was not "substantially justified." For the reasons state below, it is the Report and Recommendation of the Magistrate Judge that Hedberg's Motion for an Award of Attorney's Fees Pursuant to the EAJA ("Motion for fees") be granted in part and denied in part.

## Background

The facts of this case have been discussed in greater detail in one of this court's previous opinions, *Hedberg v. Barnhart*, 02 C 50254, 2003 WL 21418361 (N.D. Ill June 19, 2003), and thus, for the purposes of this motion, this court will only briefly summarize the relevant facts here.

Hedberg filed for DIB on May 13, 1994 and again on October 10, 1997, claiming that she

was unable to work due to lipodystrophy, diabetes and heart problems. This action comes from Hedberg's second DIB application. Hedberg's application was denied initially and on reconsideration. She filed and received a hearing before an ALJ, but the ALJ denied her claim. Following a denial of benefits, Hedberg filed an action seeking judicial review pursuant to 42 U.S.C. § 405(g). Hedberg argued, *inter alia*, that the vocational expert's testimony and the ALJ's residual functional capacity determination at Step Five do not coincide. This court recommended summary judgment for Hedberg. On July 14, 2003, the district court adopted this court's recommendation, entered judgment for Hedberg and remanded the case.

## Discussion

Under the EAJA, Hedberg is entitled to fees if: 1) she is a prevailing party; 2) the position of the United States was not "substantially justified;" 3) no special circumstances exist that would make an award unjust; and 4) a fee application is submitted within thirty days of the final judgment in the action. 28 § U.S.C. 2412(d)(1); *see also Banks v. Barnhart*, No. 01 C 382, 2003 WL 22019796, at *1 (N.D. Ill. Aug. 26, 2003). The Commissioner does not dispute that Hedberg is the prevailing party or that the application was timely filed. Rather, the only issue is whether the Commissioner's position was "substantially justified."

The fact that the Commissioner did not prevail creates no presumption in favor of awarding fees. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Rather, the Commissioner bears the burden of showing that the government's position was "substantially justified." *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). Substantial justification is demonstrated when the government's position is ground in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts

2

alleged and the legal theory advanced." *Elster v. Barnhart*, No. 01 C 4085, 2003 WL 21799938, at *1 (N.D. Ill. July 29, 2003)(quoting *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000)).

A.  *Attorney's Fees*

In this court's previous report and recommendation, this court found that the ALJ's decision to deny benefits to Hedberg was not supported by substantial evidence. Specifically, at Step Five, this court stated that "it is hard to understand how the ALJ's RFC of Plaintiff could contain a limitation that Plaintiff can only work in jobs that allow her to change positions every hour" and "did not include some mention that Plaintiff must elevate her feet at various points throughout the day." *Hedberg*, 2003 WL 21418361, at *16. Hedberg and her treating physician, Dr. Diamond, both testified that Hedberg needed to elevate her feet daily. It is because of these findings, that the court now concludes that the Commissioner was not substantially justified.

According to the ALJ, Dr. Diamond had seen Hedberg for "many years" and on a "fairly regular basis." Despite the above, the ALJ completely ignored Hedberg's testimony, Dr. Diamond's assessment, and the medical records, and instead focused on non-treating physicians and Hedberg's ambiguous daily activities. The vocational expert indicated that a hypothetical person with Hedberg's limitations who had to lift their legs coffee table height intermittently throughout the day would not be able to perform any jobs. This court finds that the Commissioner was not substantially justified in supporting the ALJ's conclusion.

B.  *Reasonableness of Fees*

Having determined that Hedberg is entitled to attorney's fees, this court turns to whether the fees requested are reasonable. Hedberg requests $4,839.15 in fees and expenses, representing

3

34.5 hours of work at ranges of $50.00 an hour to $147.48 an hour. The EAJA provides a statutory cap of $125 per hour on attorney's fees that this court may increase if justified by an increase in the cost of living or special factors. *See* 28 U.S.C. § 2412(d)(2)(A). Other courts in the Northern District of Illinois have found that a "Plaintiff calculates his attorneys' hourly fees by adjusting the statutory figure upward on a month by month basis linked to increases in the cost of living index since March of 1996 when the EAJA was last amended." *Banks*, 2003 WL 22019796, at *5. Hedberg's hourly rate for attorney's fees appears appropriately calculated.

Hedberg has the burden of proving that her fee request is reasonable and to support it with documentation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Hedberg has provided a detailed time sheet of attorney Gregory Tuite with her motion. This time sheet includes the billing of Mr. Tuite and what appears to be his paralegal. The Commissioner disputes some of Mr. Tuite's individual entries. Specifically, the Commissioner asserts that Mr. Tuite's request for one hour to review the Commissioner's three page answer, as well as his request for one hour to prepare and file his one-page written status report and .50 hours to review Defendant's one-page written status report are excessive. (Comm'r at 6). Additionally, the Commissioner argues that Mr. Tuite's request for one hour to review the Commissioner's motion for extension of time appears to be excessive as does Mr. Tuite's request for .50 hours to review Defendant's one-page letter of August 6, 2002 appointing new counsel. (*Id.*). Finally, the Commissioner argues that Mr.Tuite's fee request should also be reduced to the extent he asks to be compensated at the attorney rate for work that is primarily clerical in nature. (*Id.* at 6-7).

In response, Mr. Tuite argues that "[w]hile some activities appear to be clerical in nature, we contend that overall the time submitted is reasonable." (Pl.'s Reply at 3). Mr. Tuite further

4

argues that there are many aspects of operating a law office, such as obtaining the document by mail, distributing the mail to the appropriate person, having that person review the document, attorney review, preparation and discussion with client, that dictate the fees submitted are reasonable. (*Id.*)(citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(stating that a court should disallow time spent on essentially clerical or secretarial tasks)). While this court does not disagree with Mr. Tuite's assessment of the many aspects of a law office, this court nevertheless reduces the number of hours on certain entries and the amount billed on certain entries.

With regards to Mr. Tuite's entries, this court reduces the following to .25 hours billed:

1. 6/13/02    Review of Appeals Counsel Denial
2. 8/6/02     Review letter regarding new counsel for Defendant
3. 8/23/02    Review Defendant's Motion for Extension of Time
4. 9/26/02    Review Defendant's Motion for Extension of Time
5. 4/3/03     Prepare and File Plaintiff's Status Report
6. 4/4/03     Review Defendant's Status Report

The court additionally reduces the following entries to $50.00 a hour (Mr. Tuite's apparent billing rate for his paralegal):

1. 6/25/02    Issuance of Summons
2. 7/19/02    Correspondence to Court with proof of service

That reduces the fees to $4234.72 for 31 hours of work.

## Conclusion

For the above stated reasons, it is the Report and Recommendation that Hedberg's Motion for Fees be granted in part and denied in part. The court recommends Hedberg receive attorney's fees in the amount of $4234.72. The parties are given ten days from service of the Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of

5

the Federal Rules of Civil Procedure.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 12/3/03

6